UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOSEPH EARL PURVEY, JR., et al., | ) | |
|---|---|---|
| *Plaintiffs*, | ) | |
| | ) | Case No. 3:20-cv-317 |
| v. | ) | |
| | ) | District Judge Atchley |
| | ) | |
| KNOXVILLE POLICE DEPARTMENT, et al., | ) | Magistrate Judge Guyton |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a sua sponte review of the record. The Court has discovered several deficiencies with Plaintiffs' Complaint [Doc. 1], which are addressed in turn below.

**I.  SIERRA MICHAEL**

Federal Rule of Civil Procedure 11(a) requires "[e]very pleading, written motion, and other paper…[to] be signed by at least one attorney of record…or by a party personally if the party is unrepresented." The United States Supreme Court interpreted Rule 11(a)'s signature requirement to "call for a name handwritten (or mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (declining to extend the meaning of the word "signed" to permit typed names). However, the Supreme Court recognized that a court's local rules may provide for means to comply with Rule 11's signature requirement via electronic filing. *Id*.

The style of the Complaint [Doc. 1] and the Amended Complaint [Doc. 8] name Sierra Michael as a co-plaintiff in this action.[1] However, Sierra Michael is not listed as a plaintiff in Section I(A) of either form complaint, nor has she signed either complaint as required by Rule 11(a). [Doc. 1 at 3, 7; Doc. 8 at 1, 6].[2] The Complaint only contains Joseph Earl Purvey Jr.'s handwritten signature, and the signature line on the Amended Complaint is blank. [Doc. 1 at 7; Doc. 8 at 6]. Likewise, Sierra Michael has not signed any of the other documents filed with the Court as required by Rule 11(a). [Doc. 28 at 19; Doc. 29; Doc. 31 at 2].

It appears Joseph Earl Purvey Jr. purports to represent Sierra Michael's interests in this § 1983 action. [Doc. 1; Doc. 8]. However, "[b]ecause, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action." *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Moreover, Joseph Earl Purvey Jr. is not a lawyer, and "[a] nonlawyer [cannot] handle a case on behalf of anyone except himself." *Zanecki*, 576 F. App'x at 595 (citing *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)); *see also* 28 U.S.C. § 1654.

Accordingly, the Court cannot consider Sierra Michael to be a plaintiff in this action. *See McCoy v. Ohio*, 2020 WL 7480629, at *3-4 (N.D. Ohio Dec. 18, 2020) (declining to recognize *pro se* person who did not physically sign any of the complaints filed in the action as a plaintiff); *Zibbell v. Marquette Cty. Res. Mgmt.*, 2013 WL 625062, at *4 (W.D. Mich. Feb. 20, 2013)

---

[1] For consistency and ease of reference, record citations are to the CM/ECF-stamped document and page number, not to the internal pagination of any filed document. Where possible, citation is made to most specific subdivisions within a document.

[2] The docket reflects that the Complaint and the Amended Complaint were filed on paper via U.S. mail and the Clerk's Office scanned the original documents into NextGen. [Doc. 1; Doc. 8]. Thus, as the papers were not electronically filed, handwritten signatures are required to satisfy Rule 11(a). *Becker*, 532 U.S. at 764; *see also NextGen Frequently Asked Questions*, (last visited May 4, 2021), https://www.tned.uscourts.gov/nextgen-frequently-asked-questions ("If you are not registered and [are] filing in paper, all pleadings *must have original signatures*") (emphasis added).

(declining to consider *pro se* person as a plaintiff due to his failure to sign the complaint as required by Rule 11(a)); *Horton v. Kolb*, 2019 WL 7041292, at *2, n. 1 (E.D. Ky. Dec. 20, 2019) (declining to consider *pro se* person as a co-plaintiff where he failed to sign the complaint as required by Rule 11(a)); *Calhoun v. Washington*, 2021 WL 1387782, at *3 (E.D. Mich. Apr. 13, 2021) (citing *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (recognizing that Rule 11(a) requires every pleading to be signed by all *pro se* plaintiffs); *Teague v. City of Flint*, 2021 WL 1238130, at *1 (E.D. Mich. Apr. 2, 2021) ("Pro se parties may not sign on behalf of another individual proceeding pro se."). Thus, Joseph Earl Purvey Jr. is the sole plaintiff in this case, as he is the only person who signed the Complaint pursuant to Rule 11(a).

## II.   THREE FORKS PROPERTY, LLC

Federal Rule of Civil Procedure 12(b)(6) permits a court to enter judgment against a plaintiff for "failure to state a claim upon which relief can be granted." The Court is to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Plaintiff Joseph Earl Purvey Jr. makes no allegations against Defendant Three Forks Property, LLC. [Doc. 1; Doc. 8]. Plaintiff only mentions Three Forks Property, LLC once in his affidavit of facts filed with the Complaint. [Doc. 1 at 15]. Although the Court recognizes that *pro se* pleadings are to be held to a less stringent standard, the "court is not required to either guess the

nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006). Moreover, "*pro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). Consequently, the Court must dismiss Plaintiff's § 1983 claims against Defendant Three Forks Property, LLC.

### III. UNIVERSITY OF TENNESSEE EMERGENCY MEDICAL SERVICES

Plaintiff Joseph Earl Purvey Jr. alleges that the University of Tennessee Emergency Medical Services "greeted [him] with mean uptight nurses, bad attitudes, and negligence" and "expedited [his] treatment…to rush him out of the hospital". [Doc. 1 at 13-14]. Plaintiff's claims against the University of Tennessee Emergency Medical Services amount to mere negligence, which is not sufficient to support a claim for relief under § 1983. *Bumpas v. Corrections Corp. of America*, 2011 WL 3841674, at *7 (M.D. Tenn. Aug. 30, 2011) ("[Plaintiff's] dissatisfaction with how staff at the hospital treated him asserts a claim of mere negligence, which is not sufficient to state a claim under § 1983."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (explaining that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment"); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("a plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment."); *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994); *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983).

Generally, complaints filed by *pro se* litigants are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)

4
Case 3:20-cv-00317-CEA-HBG   Document 32   Filed 05/07/21   Page 4 of 5   PageID #: 162

(*pro se* plaintiffs enjoy the benefit of liberal construction of their pleadings and filings). However, even liberally construed, the Court finds that the Complaint [Doc. 1] does not state a viable claim for relief under § 1983 against the University of Tennessee Emergency Medical Services. *Supra* at 3 (explaining the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted). Plaintiff does not assert factual allegations that indicate the University of Tennessee Emergency Medical Services acted with deliberate indifference or otherwise deprived him of a specific constitutional right. Thus, Plaintiff's claims against the University of Tennessee Emergency Medical Services must be dismissed.

In conclusion, for the reasons above, Sierra Michael is **DISMISSED** as a plaintiff in this action pursuant to Federal Rule of Civil Procedure 21.[3] Additionally, Plaintiff's claims against Defendants Three Forks Property, LLC and the University of Tennessee Emergency Medical Services are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**

---

[3] Rule 21 provides in pertinent part: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.